UNITED STATES DISTRICT COURT<br>
WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| April Diaz, individually and on behalf of all others similarly situated, | Case No. 1:19-cv-957 |
| Plaintiff, | **COLLECTIVE ACTION COMPLAINT** |
| v. | |
| World Acceptance Corporation (d/b/a World Finance), and WFC Limited Partnership, | |
| Defendants. | |

## PRELIMINARY STATEMENT

1. This is a putative collective action brought by Plaintiff April Diaz ("Plaintiff") to recover overtime pay from her employers, World Acceptance Corporation (d/b/a World Finance), and WFC Limited Partnership (collectively "World Finance" or "Defendants").

2. Plaintiff brings this putative collective action on behalf of herself and all similarly situated individuals for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). *See* 29 U.S.C. § 216(b).

3. The putative FLSA Collective is defined as:

> all persons who Defendants employed as Branch Managers during the time Defendants classified them as exempt from receiving overtime pay during the past three years.

4. Plaintiff and those similarly situated routinely work more than forty (40) hours in a workweek but are or were not paid an overtime premium for their overtime hours worked when Defendants classified them as exempt.

## JURISDICTION AND VENUE

5. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 to hear this Complaint and to adjudicate these claims because this action is brought under the FLSA.

6. Venue is proper in the United States District Court for the Western District of Texas pursuant to 28 U.S.C. § 1391 because Defendants operates in this district, Plaintiff worked for Defendants in this district, and a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

7. Defendant World Acceptance Corporation (d/b/a World Finance) is a South Carolina corporation that operates 1,200 branch locations across sixteen (16) states throughout the United States, including Texas. Its principal place of business is located at P.O. Box 6429, Greenville, South Carolina, 29606.

8. Defendant World Acceptance Corporation is one of the nation's largest small-loan consumer finance companies in the United States, offering short-term installment loans, medium-term larger installment loans, related credit insurance and ancillary products and services to individuals, generally serving individuals with limited access to other sources of consumer credit such as banks, credit unions, and credit card lenders. It also offers income tax preparation services to its loan customers and other consumers.

9. Defendant WFC Limited Partnership is subsidiary of Defendant World Acceptance Corporation, established in Texas.

10. Both Defendant WFC Limited Partnership and Defendant World Acceptance Corporation have issued Plaintiff's payroll checks.

11. Defendants operate in interstate commerce by, among other things, offering and selling loan products and tax preparation services to customers and consumers in multiple states across the country, including Texas.

12. Upon information and belief, Defendants' gross annual sales made, or business done has been in excess of $500,000.00 at all relevant times.

13. At all relevant times, Defendants are, and have been, "employers" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203(d).

14. Plaintiff is an adult resident of Temple, Texas. Plaintiff is employed by Defendants as a Branch Manager in Taylor, Texas, and has been employed in the position since June 2014.

## FACTUAL ALLEGATIONS

15. Defendants employ Branch Managers in numerous locations across the country.

16. Defendants operated a willful scheme to deprive Branch Managers of overtime compensation. Plaintiff and similarly situated individuals work or worked as Branch Managers, or in similar job titles.

17. As Branch Managers, Plaintiff and the other similarly situated individuals' primary job duties are and were non-exempt in nature. These duties include, but are not limited to, selling loans, providing customer service, calling customers regarding past due loans, and providing tax preparation services during tax season.

18. Plaintiff and the similarly situated individuals are or were paid a salary with no overtime pay when Defendants incorrectly classified them as exempt during the statutory period.

19. Defendants suffered and permitted Plaintiff and the other similarly situated individuals to work more than forty (40) hours per week without overtime pay.

20. Plaintiff routinely works overtime hours. On average, Plaintiff estimates she works between 44 and 50 hours per week. Defendants expect Plaintiff and other Branch Managers to work long hours to meet their production goals, which routinely results in overtime work.

21. Plaintiff typically begins her workday between 8 and 8:30 a.m. and works until at least 6 p.m. Monday through Friday. Plaintiff also works some weekends, resulting in additional unpaid overtime hours. During tax season, Defendants required Plaintiff and other Branch Managers to work additional overtime hours.

22. For example, during the workweek starting March 16, 2019, Plaintiff estimates that she worked approximately 52 hours and did not receive overtime pay for these overtime hours.

23. Despite the fact that the primary duty of Branch Managers is the performance of non-exempt work, Defendants did not pay them overtime pay for the overtime hours the job demanded.

24. Defendants knew that Plaintiff and other similarly situated individuals worked overtime hours, not only because the demands they placed on their Branch Managers required it, but also because Plaintiff complained to them about it. Plaintiff complained to her District Manager about being required to overtime hours without additional compensation, particularly when she was the only person working in the branch. The District Manager responded that she should "hang in there" and he would try to get her help, but Plaintiff's complaints went largely unaddressed.

25. Defendant did not make, keep, or preserve adequate or accurate records of the hours worked by Plaintiff and the other similarly situated individuals.

## FLSA COLLECTIVE ACTION ALLEGATIONS

26. Plaintiff restates and incorporates by reference the above paragraphs as if fully set forth herein.

27. Plaintiff consents in writing to be a part of this action pursuant to 29 U.S.C. § 216(b). Plaintiff's signed consent form is attached hereto as Exhibit A. As this case proceeds, it is likely that individuals will file consent forms and join as "opt-in" plaintiffs.

28. During the applicable statutory period, Plaintiff and the other similarly situated individuals routinely worked in excess of forty (40) hours in a workweek without receiving overtime compensation for their overtime hours worked.

29. Defendants willfully engaged in a pattern of violating the FLSA, in ways including, but not limited to, misclassifying Branch Managers as exempt and subjecting them to demands and production goals that required overtime work.

30. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the putative FLSA Collective. Accordingly, notice of this action should be sent to the putative FLSA Collective. There are numerous similarly-situated individuals who have suffered from Defendants' practice of denying overtime pay, and who would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to join. Those similarly-situated employees are known to Defendants and are readily identifiable through their records.

## CLAIM FOR RELIEF
## FAIR LABOR STANDARDS ACT – FAILURE TO PAY OVERTIME

31. Plaintiff restates and incorporates by reference the above paragraphs as if fully set forth herein.

32. The FLSA, 29 U.S.C. § 207, requires employers to pay non-exempt employees one and one-half times the regular rate of pay for all hours worked over forty (40) hours per workweek.

33. Defendants suffered and permitted Plaintiff and the other similarly situated individuals to routinely work more than forty (40) hours in a workweek without overtime compensation.

34. Defendants' actions violate the FLSA's overtime requirements by regularly and repeatedly failing to compensate Plaintiff and the other similarly situated individuals overtime compensation.

35. As the direct and proximate result of Defendants' unlawful conduct, Plaintiff and the others similarly situated individuals have suffered and will continue to suffer a loss of income and other damages. In addition to their overtime wages, Plaintiff and the other similarly situated individuals are entitled to liquidated damages and attorney's fees and costs incurred in connection with this claim.

36. By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff and the other similarly situated individuals, Defendants have failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201, *et seq*.

37. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Defendants knew or showed reckless disregard for the fact that their compensation practices were in violation of the law.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of herself and the putative FLSA Collective, prays for judgment against Defendants as follows:

A.  Designation of this action as a collective action on behalf of Plaintiff and those similarly situated, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all those similarly-situated apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms;

B.  A finding that Plaintiff and the putative FLSA Collective are non-exempt employees entitled to protection under the FLSA;

C.  A finding that Defendants violated the overtime provisions of the FLSA;

D.  Judgment against Defendants in the amount of Plaintiff's and the putative FLSA Collective's unpaid back wages at the applicable overtime rates;

E.  An award of all damages, liquidated damages, pre-judgment interest and post-judgment interest;

F.  An award of attorneys' fees and costs incurred in prosecuting this action;

G.  Leave to add additional plaintiffs and/or state law claims by motion, the filing of consent forms, or any other method approved by the Court; and

H.  For such other and further relief, in the law or equity, as this Court may deem appropriate and just.

Dated: September 30, 2019                **NICHOLS KASTER, PLLP**

*/s/Michele R. Fisher*
Michele R. Fisher, MN Bar No. 303069
Jay E. Eidsness, MN Bar No. 0395347*
80 South Eighth Street, Suite 4600
Minneapolis, MN 55402
Telephone: (612) 256-3200
fisher@nka.com
jeidsness@nka.com

**ROSS SCALISE LAW GROUP, PC**
Charles Scalise, TX Bar No. 24064521
1104 San Antonia Street

Austin, TX 78701
Telephone: (512) 474-7677
charles@rosslawpc.com

*Pro Hac Vice application forthcoming*

ATTORNEYS FOR PLAINTIFF AND THE
PUTATIVE FLSA COLLECTIVE