IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| APRIL DIAZ, *on behalf of herself and all others similarly situated*, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:19-CV-957-RP |
| WORLD ACCPEPTANCE CORPORATION d/b/a WORLD FINANCE, and WFC LIMITED PARTNERSHIP, | § § § § § | |
| Defendants. | § § | |

## ORDER

Before the Court is the Plaintiff April Diaz's ("Diaz") Motion for Approval of Settlement and Memorandum in Support, in which she asks the Court to approve the proposed settlement agreement and dismiss the case with prejudice. (Mot., Dkt. 64; Mem., Dkt. 64-1). Diaz filed her motion to approve the settlement on November 20, 2020, attaching the settlement agreement itself to her motion. (Mot., Dkt. 64; Settlement Agreement, Dkt. 64-3). Diaz states that "the parties engaged in mediation and reached a settlement" that is "fair and reasonable." (Mem., Dkt. 64-1, at 1–3). After reviewing the parties' settlement, Diaz's arguments, and the relevant law, the Court will grant the motion.

Diaz filed this "collective action" under section 216(b) of the Fair Labor Standards Act of 1938 ("FLSA") on behalf of herself and all others similarly situated (collectively, "Plaintiffs") to recover damages for violations of the FLSA's overtime wage provision. (*See* Am. Compl., Dkt. 1). The Fifth Circuit has not strictly defined the ambit of FLSA vis-à-vis dismissals without judicial review of settlement agreements. *See Martin v. Spring Break '83Prods., L.L.C.,* 688 F.3d 247, 255 (5th Cir. 2012) ("[T]his court has no binding precedent that resolves whether parties may privately settle a FLSA claim involving a bona fide dispute over whether the plaintiffs worked on days for which

1

they seek unpaid wages."). However, the Fifth Circuit has held a "private settlement of FLSA claims" to be binding when "the settlement gave employees 'everything to which they [were] entitled under the FLSA at the time the agreement [was] reached.'" *Id.* (quoting *Thomas v. Louisiana*, 524 F.2d 613, 615 (5th Cir. 1976)). In *Martin*, the settlements were enforceable as "a way to resolve a bona fide dispute as to the number of hours worked—not the rate at which [the workers] would be paid for those hours." *Id.* at 256.

Given the absence of explicit Fifth Circuit precedent to the contrary and the tendency of district courts within the Fifth Circuit to require review of FLSA settlement agreements, the Court finds that its review and approval of the settlement is appropriate, if not mandatory. *See Trevino v. Colt Oilfield Servs., LLC*, 2019 WL 3816302, at *2 (W.D. Tex. May 6, 2019) "The primary focus of the Court's inquiry in deciding whether to approve the settlement of a FLSA collective action is on ensuring that an employer does not take advantage of its employees in settling their claim for wages." *Sims v. Hous. Auth. City of El Paso*, 2012 WL 10862119, at *2 (W.D. Tex. Feb. 29, 2012) (quoting *Liger v. New Orleans Hornets NBA Ltd., P'ship*, 2009 WL 2856246, at *2 (E.D. La. Aug. 28, 2009)).

Here, there clearly "exists a bona fide dispute" under the FLSA regarding "the amount of hours worked or compensation due." *Jones v. JGC Dallas LLC*, No. 3:11–CV–2743–O, 2014 WL 7332551, at *3 (N.D. Tex. Nov. 12, 2014). FLSA Plaintiffs alleged that Defendants World Acceptance Corporation d/b/a World Finance and WFC Limited Partnership (together "Defendants") violated the FLSA's minimum wage requirement by misclassifying branch managers as exempt and failing to pay them overtime compensation. (Compl., Dkt. 1, at 5–6). Defendants, in turn, maintain that they properly categorized the branch managers as exempt from overtime pay under either the administrative, executive, or professional exemptions of the FLSA, 29 U.S.C. § 213(a)(1). (*See* Answers, Dkts. 11, 12)

Having found a bona fide dispute, the Court reviews the settlement agreement to determine whether it is fair and reasonable. *See Jones*, 2014 WL 7332551, at *3 (citing *Sims*, 2012 WL 10862119, at *3). After engaging in mediation, the parties agreed to a settlement of $150,000 "to resolve the overtime claims for the 21 Plaintiffs." (Mem., Dkt, 64-1, at 3). After attorneys' fees, costs, and a service payment to Diaz, $86,357.81 remains to be allocated among the Plaintiffs, with a minimum allocation of $200 per plaintiff. (*Id.*). After fees, costs, and the service payment, Plaintiffs with claims within the two-year statute of limitations were each allocated 100% of their unliquidated overtime damages, assuming 45 hours worked per week. (*Id.*).

The settlement amount was determined using "time and pay data" produced by Defendants, "along with Plaintiffs' good-faith estimates of hours they worked." (*Id.*). Plaintiffs have all approved of the settlement, and Plaintiffs' class counsel "believes this to be a fair and reasonable resolution" based on "their extensive experience handling wage and hour actions." (*Id.*, at 7). As such, the settlement provides "'everything to which [the FLSA Plaintiffs] are entitled under the FLSA at the time the agreement [was] reached.'" *Martin*, 688 F.3d at 255. The Court finds that the settlement agreement comports with *Martin* and is a fair result of good-faith negotiations between the parties. It is therefore binding and enforceable.

Furthermore, the attorney's fees and costs provisions of the settlement are appropriate and align with the remedial purposes of the FLSA. The settlement agreement apportions one-third of the gross settlement amount, in this case, $50,000 of the $150,000 gross settlement amount, for attorneys' fees (*Id*, at 8). Importantly, the attorney's fees of $50,000 represent "just a fraction of the fees expended," and reflect the "the risk involved in litigating these cases and the undesirability of taking that risk." (*Id.* at 9–10). The Court finds that the contingency fee Plaintiffs have provided is appropriate and declines to adjust it. *See Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998); *Walker v. U.S. Dep't of Hous. & Urban Dev.*, 99 F.3d 761, 771 (5th Cir. 1996); *Johnson v. Georgia*

3

*Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). The Court will also grant Plaintiffs' counsel's request for $11,142.19 for "filing fees, postage, deposition transcript, deposition travel and hotel costs, research charges, document retention database charges, and case advertising" as reasonable and supported by the record (Dkt. 64-1, at 10; Costs Detail, Dkt. 64-6).

The settlement agreement also provides a "service award" of $2,500 for Diaz. (*Id.*). The Court finds the service award to Diaz reasonable given the "services she provided" and "risks [she] incurred" in the case. *See Akins v. Worley Catastrophe Response*, LLC, No. 12-2401, 2014 U.S. Dist. LEXIS 51650, at *13 (E.D. La. Apr. 11, 2014) ("The purpose of these [award] payments is to compensate named plaintiffs for the services they provided and the risks they incurred during the course of class action litigation."). Courts approve service awards for named plaintiffs and class representatives insofar as they are reasonable. *See, e.g., In re Wells Fargo Wage & Hour Emp't Pract. Litig. (No. III)*, 18 F. Supp. 3d 844, 852 (S.D. Tex. 2014). Here, the service award is reasonable "in recognition of the time and effort she provided to Plaintiffs' counsel." (Mem., Dkt. 64-1, at 10). Given her active participation, an award of $2,500 is reasonable. *Cf. Purdie v. Ace Cash Express, Inc.*, 2003 WL 22976611, at *7 (N.D. Tex. Dec. 11, 2003) (approving "incentive compensation to named plaintiffs" because "Plaintiffs' commitment undoubtedly led to the proposed settlement fund").

Given the foregoing, the Court finds that the settlement agreement is consistent with the FLSA's purposes of protecting workers "from substandard wages and excessive hours" and safeguarding their ability to obtain relief to which they may be entitled. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945).

Accordingly, **IT IS ORDERED** that Diaz's Motion for Approval of Settlement, (Dkt. 64), is **GRANTED**.

**IT IS FURHTER ORDERED** that Diaz's claims against Defendants, (*see* Compl., Dkt. 1), are **DISMISSED WITH PREJUDICE**.

**IT IS FINALLY ORDERD** that all pending motions are moot.

The Court will render final judgment under Federal Rule of Civil Procedure 58 in a separate order.

**SIGNED** on January 7, 2021.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE